| | |
|---|---|
| BERTHA G. G., an Individual,<br><br>            Plaintiff,<br><br>            v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>            Defendant. | Case No.: 2:18-07927 ADS<br><br>MEMORANDUM OPINION AND ORDER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## I. **INTRODUCTION**

Plaintiff Bertha G. G.[1] ("Plaintiff") challenges Defendant Andrew M. Saul's[2], Commissioner of Social Security (hereinafter "Commissioner" or "Defendant") denial of

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The Complaint, and thus the docket caption, do not name the Commissioner. The parties list Nancy A. Berryhill as the Acting Commissioner in the Joint Submission. On June 17, 2019, Saul became the Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

her applications for a period of disability and disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of a consultative medical examiner. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff filed her applications for DIB and SSI on April 4, 2014, alleging disability beginning September 15, 2009. (Administrative Record "AR" 270-79). Plaintiff's claims were denied initially on August 8, 2014 (AR 93-128), and upon reconsideration on March 9, 2015 (AR 177-88). A hearing was held before ALJ Christopher R. Daniels on July 18, 2017. (AR 28-41). Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert, Robin L. Generaux. (Id.)

On August 29, 2017, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[3] (AR 7-27). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on July 11, 2018. (AR 1-6). Plaintiff then filed this action in District Court on September 12, 2018, challenging the ALJ's decision. [Dkt. No. 1].

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

On February 6, 2019, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 18, 19]. The parties filed a Joint Stipulation on May 1, 2019. [Dkt. No. 21]. The case is ready for decision.[4]

### B. Summary of ALJ Decision After Hearing

In the decision (AR 7-20), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. §§ 404.1520(a) and 416.920(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since September 15, 2009, the alleged onset date. (AR 13). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) kidney disorder with recurrent kidney stones; (b) depression; and (c) posttraumatic stress disorder. (Id.).

At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (AR 13). The ALJ then found

---

[4] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is able to understand, remember, and carry out simple, routine, repetitive tasks; she is able to interact occasionally with coworkers and supervisors, but is unable to interact with the general public; and she is able to adapt to routine work changes." (AR 15).

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff could not perform her past relevant work as an x-ray technician or patient scheduler. (AR 18). At **step five**, considering Plaintiff's age, education, work experience, RFC and the vocational expert's testimony, the ALJ found that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform", such as mail clerk, laundry sorter, and marking clerk. (AR 19). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 15, 2009, through the date of the decision, August 29, 2017. (AR 20).

### III. ANALYSIS

#### A. Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ provided clear and convincing reasons to reject the opinion of the consultative examiner? [Dkt. No. 21 (Joint Submission), 4]. Specifically, Plaintiff contends that the ALJ failed to provide clear and convincing reasons to reject the opinion of the consultative examiner, Dr. Grigis, because the ALJ only stated, the opinion "is inconsistent with the claimant's physical objective findings." Plaintiff argues this reason is not specific, but boilerplate.

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Plaintiff then argues the strengths of Dr. Grigis' opinion and that of other opinions in the record.

**B. <u>Standard of Review</u>**

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. <u>Garrison v. Colvin</u>, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. <u>Mayes v. Massanari</u>, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)); see <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not

substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. **The ALJ Adequately Assessed the Medical Opinions**

Plaintiff contends that the ALJ committed legal error by discounting the opinion of a consultative medical examiner, who assessed her with an RFC for sedentary work, without stating an adequate basis for doing so. Defendant asserts that the ALJ appropriately gave little weight to the physician's opinion and stated sufficient reasons for doing so.

1. Legal Standards At Issue

An individual's RFC represents their ability to do physical and mental work activities on a sustained basis despite limitations from the identified impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining a claimant's RFC, an ALJ must consider all relevant evidence. Robbins, 466 F.3d at 883; Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017) (same). If the ALJ rejects "significant probative evidence," the ALJ must explain why. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984); Willyard v. Colvin, 633 Fed. Appx 369, 371 (9th Cir. 2015).

The ALJ must also consider all medical opinion evidence. 20 C.F.R. §§ 404.1527(b), 416.927(b). An ALJ may not reject the opinion of a treating or examining physician that is uncontradicted without providing "clear and convincing reasons that are supported by substantial evidence." Lester, 81 F.3d 830-31. When a treating or examining physician's opinion is contradicted by another medical evaluation, the ALJ must provide "specific and legitimate reasons supported by substantial evidence" for rejecting that opinion.[7] Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017).

An ALJ may reject any physician's opinion that is "brief, conclusory, and unsupported by the record as a whole." Burrell v. Colvin, 775 F.3d 1133, 1140 (9th Cir. 2014); see also Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are . . . unsupported by the record as a whole . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is . . . inadequately supported by clinical findings."). Inconsistency with the medical record, including a doctor's own treatment notes, is a specific and legitimate reason to discount a treating doctor's opinion. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

### 2. The ALJ Provided Clear and Convincing Reasons

Plaintiff contends that the ALJ improperly rejected the medical opinion of Bahaa Grigis, M.D. On February 25, 2015, Plaintiff underwent a consultative examination by

---

[7] Plaintiff contends that the consultative medical opinion at issue is uncontradicted as it is dated after any other medical opinions of record and relies on medical records not in existence at the time of the earlier opinions. The Court does not necessarily agree with Plaintiff's argument, but will use the clear and convincing standard as, even under this heightened standard, the Court finds no error by the ALJ.

Dr. Grigis. (AR 1080-88). Plaintiff states that Dr. Grigis noted Plaintiff's primary complaint was left leg weakness and unsteady gait and reviewed Plaintiff's hospital medical records from October and November of 2014. [Dkt. No. 21, Joint Submission, at 4-5]. Dr. Grigis opined that Plaintiff was limited to less than sedentary work. Plaintiff also states that the opinion of Dr. Grigis was supported by the state agency physician, J. Hartman, M.D., who in March 2019 also assessed Plaintiff with a limitation to sedentary work. (AR 138).

Plaintiff contends that the ALJ did not provide a sufficient basis for rejecting Dr. Grigis' opinion. The ALJ stated:

> Bahaa Grigis, M.D., a consultative examiner, completed a medical source statement. The doctor opined that the claimant could perform less than sedentary work with a few extreme exertional and postural limitations [citing AR 1080-88]. The opinion of the doctor is given little weight, as it is inconsistent with the claimant's physical objective findings [citing AR 383-660, 691-705, 850-72, 984-1088, 1128-54, 1265-1331, and 1468-1732]. Moreover, the claimant had also improved health following her obesity surgery, which demonstrated she is able to stand or walk for at least 6 hours per day.

(AR 17). Therefore, the ALJ cited to numerous medical records in evidence in support of his finding that Dr. Grigis' opinion was inconsistent with the record. (AR 17). This evidence alone is clear and convincing.

Plaintiff's main argument is that the ALJ instead relied on an earlier opinion of another physician, Leonard Naiman, M.D., who had not examined Plaintiff's later medical records when assessing her with an RFC for light work (AR 104). [Dkt. No. 21, at 5-6]. Plaintiff is mistaken, however. The ALJ gave only "light weight" to Dr. Naiman's opinion; the same weight the ALJ gave to the opinions of Drs. Grigis and Hartman. (AR 16-17).

Plaintiff seems to argue that the ALJ relied only on Dr. Naiman's July 2014 medical opinion that was rendered prior to a fall and injury that occurred in October 2014, which accounted for the "left leg weakness and unsteady gait" and "Plaintiff's hospital medical records of October and November 2014" that were referenced in Dr. Grigis' opinion assessing a sedentary RFC. To the contrary, however, many of the medical records referenced and relied upon by the ALJ in discounting Dr. Grigis' opinion were dated after the issue of Plaintiff's neuropathy arose.[8] See (AR 984-1079, 1265-1331, and 1468-1732).

The ALJ simply did not err in assigning little weight to Dr. Grigis' RFC assessment of sedentary work. Although Plaintiff offers alternative interpretations of the medical record, the Court is bound by the rationale set forth by the ALJ in the written decision. Ryan, 528 F.3d at 1198; see Robbins, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute

---

[8] Indeed, Plaintiff was referred to a neurology specialist William Baek, M.D. for her foot pain related to her October 2014 fall. Dr. Baek examined Plaintiff on December 3, 2014 and assessed her as follows: "This patient most likely suffered a left common peroneal nerve injury at the ankle due to traction injury approximately two weeks ago. It will take about up to six months for full recovery. However, the prognosis is good. At this point, I have referred her to physical therapy so that she can have a left ankle foot orthosis to use as a brace. From the neurological standpoint, she may be discharged. (AR 1015-16). Records cited to by the ALJ further included an examination of Plaintiff's left ankle on December 14, 2014 by Thuan Dang, M.D. with no acute findings noted. (AR 1057). The ALJ also cited to an orthopedic examination of Plaintiff from October 28, 2016, wherein she was reporting pain and tingling in the fifth metacarpal shaft of her right hand and no notation was made of any foot problems raised during the orthopedic exam. (AR 1472). Further full body examination notes on September 29, 2016, related to the hand injury also make no reference to any issues related to Plaintiff's foot and document that she had lap band surgery in 2015. (AR 1476-78). The ALJ also cited to hospital notes of June 23, 2015, wherein Plaintiff's left leg neuropathy complaint was noted but no related findings were made. (AR 1727-32).

our judgment for that of the ALJ."); Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

## IV. **CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: March 13, 2020

                                              /s/ Autumn D. Spaeth
                                   THE HONORABLE AUTUMN D. SPAETH
                                   United States Magistrate Judge